RAYER & LINCOLN SEAMING-MACHINE CO. *v.* AMERICAN PRINTING CO.

*(Circuit Court, D. Massachusetts. February 18, 1884.)*

PATENTS—REISSUE—SEWING-MACHINE.

The third claim of original letters patent No. 108,827 was for the combination of an annular plate with the stitching and feeding mechanism of a sewing-machine, for the purpose of guiding the fabric. The first and third claims of the reissue, No. 9,176, were for a wheel to feed as well as guide the fabric. *Held,* that the reissue, being more than a mere reproduction of the original patent, was invalid as against intervening rights.

In Equity.

*T. W. Clarke,* for complainant.

*J. L. S. Roberts,* for defendant.

Before LOWELL and NELSON, JJ.

NELSON, J.  The plaintiff sues for the infringement of reissue patent No. 9,176, granted to Rayer & Lincoln, assignors by mesne assignments to the plaintiff, April 27, 1880. The original patent, No. 108,827, was dated November 1, 1870. In the original patent the invention is described as "a new and improved sewing-machine attachment." In the specification, the invention is said to consist in certain improvements by which sewing-machines may be adapted to sew the ends of pieces of goods of the same width, one pair after another continuously, and to stitch all kinds of goods where long, continuous seams are required. The invention is described with reference to any sewing-machine of suitable construction and size. D is an annular plate supported in a vertical position by rollers hung in a frame, and so set that its upper edge is behind the presser-foot and needle-bar of the sewing-machine. In front of the plate there is affixed to the frame a shield, covering all but the upper part of the plate. A toothed ring is secured to the back of the plate, and meshes into the teeth of a gear-wheel mounted on an arbor, which derives motion from the driving-shaft of the sewing-machine. Upon the edge of the plate are hung a series of hooks or points, which can be shifted to conform to the width of the fabric. The pieces to be sewed together are hung upon the hooks, and rest upon a shoulder projecting from the plate, and upon the upper edge of the shield. A winged wheel working in front serves to throw the sewed fabric off the hooks. When in operation, the plate is designed to move correspondingly with the feed of the sewing-machine. As the plate revolves with the action of the sewing-machine, the pieces are carried along to and past the sewing devices, and when sewed are thrown off as they arrive at the winged wheel, the process being capable of continuous repetition indefinitely.

The third claim of the original patent is thus stated:

"(3) The combination with stitching and feeding mechanism, substantially such as described, of a continuously revolving annular fabric-guide, D, as and for the purpose set forth."

In the reissue patent the invention is called "an improvement in sewing-machines." In the specification it is described with reference to a Wilcox & Gibbs sewing-machine having the usual rotable hook-shaft and needle-bar, with needle attached. In describing its advantages the inventors state:

"In sewing-machines containing the usual intermittingly rotated wheel-feed, variations in speed affect, through momentum, the length of stitch, and the power required to run such a feed, and wear of machinery, and the cost of mechanism, are all greater than in this, our plan, wherein the feed is continuous, which always insures an equal length of stitch, and a substantially uniform expenditure of power. With an annular feeding-plate, as described, provided with points or hooks to penetrate and hold the fabric as it is moved along under the needle, we have combined the well-known Wilcox & Gibbs class of machine, the hook or looper of which, as is well-known, rotates continuously in one direction, and may be run at the highest speed."

The first and third claims, to which alone the controversy relates' are as follows:

"(1) The within-described apparatus for sewing together the ends of pieces of fabric for factory use, it consisting essentially of the stitch-forming mechanism shown and described, the rotable annular feeding-wheel provided with hooks to penetrate, carry, and present the fabric positively to the action of the said stitch-forming mechanism, and means to operate the said feeding-wheel continuously as described.

"(3) The combination, with stitching mechanism substantially such as described, of the continuously revolving annular baster plate or wheel to feed the fabric, and mechanism to continuously revolve the baster-wheel, substantially as described."

The position of the plaintiff is that the third claim of the original patent is substantially reproduced in the first and third claims of the reissue. It is obvious, from the description given in the original specification, that the thing patented was a device to be attached to a sewing-machine having a feeding mechanism of its own, and was designed to carry along the pieces of cloth to be stitched together by a movement to correspond with the movement of the feeding mechanism of the sewing-machine. It is called "a sewing-machine attachment," and its object was to serve as a guide and support to the pieces of cloth as they were carried along by the sewing-machine. It is apparent that the first and third claims of the reissue, taken in connection with the specification, cover a combination different from this. The combination, with the stitching and feeding mechanism of a sewing-machine, of the annular plate, D, to guide the fabric as it is carried along by the feeding mechanism of the sewing-machine, which was in substance the original claim, has been expanded into a combination with the stitching mechanism alone of a sewing-machine, of a feeding-wheel to feed as well as to guide the fabric, working independently of, and in substitution for, the feeding mechanism of the sewing-machine. A new function has been added to the plate, D. It is no longer a mere attachment to a complete sewing-machine, and a guide and support to the cloth as it is moved along in the ma-

chine. It has become itself a feeding apparatus for a sewing-machine,—a thing quite different from the original invention. Under the rule established by the recent decisions of the supreme court, the plaintiff's reissue patent was taken out too late, and must be held to be invalid.

Bill dismissed, with costs.